### KINATOME PATENTS CORPORATION v. HERMAN A. DE VRY, Inc.

United States District Court
S. D. New York.
July 25, 1949.

Harold Greenwald, New York City (William P. MacCracken, Jr., Washington, D. C., of counsel), for plaintiff.

Harry Meisnere, New York City, for defendant.

LEIBELL, District Judge.

This is a motion to punish the defendant for a contempt of court for failing to comply with the terms of a consent decree in a suit for patent infringement. The consent decree, dated July 22, 1938, is annexed to the motion papers. It contains in the injunctive paragraph a limiting clause—"except as heretofore licensed". No copy of the license agreement was annexed to the motion papers. Concerning the license agreement, the moving affidavit of plaintiff's president states:

"That, as referred to in said decree, the defendant, by written license dated June 15, 1938, did promise and agree to and with plaintiff, in consideration of the non-assignable, non-exclusive and non-divisible right to 'manufacture, use and/or sell the Sound and Vibration Mounting for a Cinematographic Apparatus described and claimed in said Patent No. 1,932,421 * * * to pay to Kinatome (plaintiff) the sum amounting to four (4%) per cent of the list sales price of the Cinematographic Apparatus exclusive of auxiliary sound equipment as a royalty for each Cinematographic Apparatus' aforesaid.

"That defendant has not made payments unto plaintiff as or for royalties, but that it has, despite such decree and in violation of the matters and things therein and thereby ordered, adjudged and decreed, manufactured, sold and used, in substantial quantity, the exact value of which is unknown to affiant, Cinematographic Apparatus containing and embodying the invention and improvements described in said Letters Patent No. 1,932,421, and in further infringement upon the same, the claims thereof and upon the exclusive rights of the plaintiff thereunder."

Plaintiff's motion papers leave the impression that the decree and what plaintiff states about the license agreement constitute a full disclosure of the relationship between the parties. However, the defendant's answering affidavit and the exhibits annexed present a more complete and quite different picture of the arrangement made between the parties at the time the consent decree was entered.

Simultaneously with the execution of the license agreement (Ex. B) there was executed a so-called publicity agreement (Ex. A). Paragraph 3 of the publicity agreement provides: "Kinatome agrees to compensate Devry for this agreement and for the exercise of its conditions in accordance with DeVry's best judgment, in amounts equal to those which may accrue as royalty due to Kinatome under the license agreement executed under even date herewith. It is the intent and understanding of the parties that this agreement automatically satisfy all royalty accruals so that the effect and result shall be to automatically equalize debits and credits between the parties with relation to license under U. S. Patent No. 1,932,421 and the publicizing by DeVry of this Kinatome patent. In the event however that DeVry discontinues his publications or discontinues the aforesaid publicity for Kinatome, then the license agreement shall terminate or DeVry shall pay the royalties provided in the license agreement. DeVry shall have the sole election as to whether the license agreement is to be terminated or whether it desires to continue under the license agreement and to pay the royalties provided therein."

Plaintiff does not state in its motion papers when defendant's alleged contempt was committed. The defendant states that if there ever was any breach of the agreement between the parties it occurred eleven years ago. Defendant claims that the agreements between the parties show "that the plaintiff was not bargaining to get anything from defendant, but procured defendant's aid in entering a decree in this court, which plaintiff could use later as a basis for negotiating royalty contracts with other manufacturers". Defendant sums up its opposition to the motion as follows:—

"1. The defendant's use of the patent was pursuant to a license (Exhibit 'B').

"2. Payment for such use was provided for by a quid pro quo agreement (Exhibit 'A').

"3. The summary proceeding will not lie to enforce royalty payments.

"4. The plaintiff is estopped by laches from prosecuting the present application."

Plaintiff submitted no replying affidavit controverting the allegations of defendant's answering affidavit. Plaintiff's briefs give no explanation of when the alleged breach of the license agreement occurred; what the defendant failed to do in performing the so-called publicity agreement, and when the alleged contempt was committed.

Plaintiff has failed to show sufficient facts on which this court could properly base an order punishing the defendant for contempt of the eleven year old decree of July 22, 1938. If plaintiff wishes to try the issue of alleged infringement since the date of the decree, he should proceed by a supplemental bill for infringement. Lewis Invisible Stitch Machine Co. v. Popper, 2 Cir., 118 F.2d 191.

Plaintiff's motion is denied.